88 N.J. Super. 66 (1965)
210 A.2d 781
MARILYN E. CAMPBELL ET AL., PLAINTIFFS,
v.
LOUIS W. SCHLAIFER ET AL., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 24, 1965.
Decided May 24, 1965.
*67 Before Judges GAULKIN, FOLEY and COLLESTER.
Mr. Sheldon M. Liebowitz argued the cause for plaintiffs.
Mr. Frederick W. Rose argued the cause for defendants (Messrs. McCarter & English, attorneys).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
The trial court suppressed interrogatories served by defendants on plaintiffs as "oppressive on their face," and defendants seek leave to appeal.
An examination of the transcript of the argument below reveals that counsel for plaintiffs told the judge that almost identical interrogatories, propounded by defendants' attorneys in another case, had been suppressed by another judge as oppressive, and that we had denied leave to appeal from that action. Based upon this, plaintiffs' counsel argued:
"* * * In effect, what the Appellate Division did by denying leave to appeal was to affirm Judge O'Dea's ruling on the same Interrogatories which are before the Court at this time. * * * Now, I believe sir, that since the Appellate Division on these particular Interrogatories has spoken and has spoken effectively and has sustained Judge O'Dea's ruling in that case, the same ruling would apply to this case, and I would say, sir, that these Interrogatories should be suppressed based upon the Appellate Division's ruling in [that] case."
The judge seemed to accept this argument, for he said, when defendants' counsel sought to argue the matter further: "Look, Look, why are we going to spend a lot of time arguing a moot question? The same matter was already taken up before the Appellate Division. The Appellate Division has ruled on the situation. Far be it for me to overrule the Appellate Division." The judge did not discuss the merits of the interrogatories or criticize any particular question.
*68 In spite of statements by our courts to the contrary, the idea seems to persist that our denial of leave to appeal indicates our tacit approval of the action sought to be reviewed. Nothing could be further from the truth.
Contrary to earlier rules relating to interlocutory appeals, R.R. 2:2-3 gives us unlimited discretion as to whether to deny leave to take such an appeal. We may not grant such leave unless "the grounds of appeal are substantial," but we may and frequently do deny it even though the grounds of appeal are substantial, for practical or other reasons which have nothing to do with the merits. As Judge Goldmann said in State v. Hanson, 59 N.J. Super. 434, 440 (App. Div. 1960), certif. denied 32 N.J. 351 (1960), "In denying leave the court does not, of course, presume to pass upon the merits of the cause in any respect, * * *." See also Romano v. Maglio, 41 N.J. Super. 561, 567-568 (App. Div. 1956), certif. denied 22 N.J. 574 (1956); certiorari denied 353 U.S. 923, 77 S.Ct. 682, 1 L.Ed.2d 720 (1957).
What the United States Supreme Court has said as to the effect of its denials of certiorari applies to our denials of leave to appeal. In United States v. Carver, 260 U.S. 482, 43 S.Ct. 181, 67 L.Ed. 361 (1923), the court said: "The denial of a writ of certiorari imports no expression of opinion upon the merits of the case, as the bar has been told many times." The reasons for this were well expressed in Brown v. Allen, 344 U.S. 492, 73 S.Ct. 397, 97 L.Ed. 469, 507 (1952), where the court said:
"We have repeatedly indicated that a denial of certiorari means only that, for one reason or another which is seldom disclosed, and not infrequently for conflicting reasons which may have nothing to do with the merits and certainly may have nothing to do with any view of the merits taken by a majority of the Court, there were not [sufficient] members of the Court who thought the case should be heard." (344 U.S., at p. 443, 73 S.Ct., at p. 439)
Since the trial court may have felt that it was compelled to strike all of the interrogatories for the reasons stated by plaintiffs' counsel, we suggested, at oral argument, *69 that defendants make application to the trial court for reargument, either upon these interrogatories or upon a less demanding set. We express no opinion upon the propriety of the questions propounded or whether any one of them or all together are oppressive. We suggested the return of the matter to the trial court only because we felt it may not have been heard in an atmosphere free of the misconception above mentioned.
The present application for leave to appeal is denied, without prejudice and without costs.